**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

JOHN M. PERRY,

    Plaintiff,

v.                                                                 Civil Action No. 3:05-0229

PRESTERA CENTER FOR MENTAL HEALTH,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's application and affidavit seeking leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915.  On April 21, 2005, the plaintiff filed the above-entitled action, presumably, pursuant to 28 U.S.C. § 1983, alleging the following:

> Entrapment, Eleagalwire Taping Esponage, Harrassment, abuse, Stalking Essering to the fact of all other crimes aiding + beding.  Harboring a persons Life in Danger and also I want the Vidio + Tapes phone calls Recever in Regards to Me since 1998 till 2005 and consperciy + Reciating to.  Harboring + indangering a person Life in danger aclmsing in a Waco stile with Life threting sitatons and ECT I nevr Realy said a whol Lot to anyone the but they are out of Line twards Me I Tried to talk to some one the but that person did Not Want to Listen to Me till I am all screwd up for 1998 - till 2004 then they want to talk to Late me talk in court Now and I had a Right to talk but they want to talk when they want to talk not when you Need Help!

(Comp. at 4-5.)  In accordance with 28 U.S.C. § 636(b)(1), this matter was referred to the Honorable Maurice G. Taylor, United States Magistrate Judge, for submission to the Court of his Findings and Recommendation.

On May 2, 2005, Magistrate Judge Taylor submitted his Findings and Recommendation

to this Court.  He recommended that plaintiff's application to proceed *in forma pauperis* be granted and that the complaint be dismissed.

>   On May 4, 2005, the plaintiff filed the following objections:
>
>   I file a motion for None of them cases to Be Dismised.  None Why Dont You Send ther cases to Washinton D.C. Highest court in america and get this tooking care of period.  I going to Move and I will take care of this from ther I will Let You Know Were I am at and quit taking sides With them people and start Doing Something about this.  Your taking sides with the wrong one  I am the Victim of E.C.I. and You Know what I Mean to[.]
>
>   I know whats involved, I AM NOT SCARED!!!  Trust me[.]

(Docket Entry No. 9.)

On May 9, 2005, the plaintiff filed the following letter: "I Request a frezze put on Everone assesuts since 1998 2005 till futh Notice and are till this case a Resolve + are I am compuetated for My Damages + Scarse on My body till this Matter is taking care of properly[.]" (Docket Entry No. 10.)

Specific objections are necessary to focus the court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).  General objections to a magistrate's order do not direct the court's attention to any specific portion of the order; hence, the court considers them tantamount to a failure to object.  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  Thus, "a *de novo* review of the evidence is unnecessary when a party fails to file specific objections. . . ."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  *See also Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (holding that a court need not consider objections that are frivolous, conclusive or general in nature).

In the instant case, the Magistrate Judge provided the following admonition to the parties concerning objections to his report.

> Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert J. Staker, Senior United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., he may, within thirteen days from the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The Judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and plaintiff is advised that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Staker and this Magistrate Judge.

(Mag.'s Findings & Recommendation at 2-3.) It is clear from the warning that an objecting party must specifically identify the objectionable portions of the Magistrate Judge's Findings and Recommendation and state the basis for the objections; otherwise, the objecting party waives his right to *de novo* review by the district court. Neither the plaintiff's objections nor his subsequent letter identify any portion of the Magistrate Judge's Findings and Recommendation as objectionable, and neither document discloses the basis for his objecting to the recommendation. Therefore, in accordance with *Orpiano*, the Court holds that the plaintiff has waived his right to *de novo* review because of his failure to heed the Magistrate Judge's warning.

Nevertheless, in accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will review the Magistrate Judge's Findings and Recommendation using the clearly erroneous or contrary to law standard of review. "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Polar Int'l Brokerage Corp. v. Investors Ins. Co. of America*, 967 F. Supp. 135 (D. N.J. 1997); *Burton v. R.J. Reynolds*

*Tobacco Co.*, 177 F.R.D. 491 (D. Kan. 1997); and, *Peterson v. Wallace Computer Serv., Inc.*, 984 F. Supp. 821 (D. Vt. 1997).

After careful review of the complaint, the Court holds that plaintiff has failed to state a cognizable claim and that his claims are frivolous as that term has been defined in *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Finding no clear error in the Magistrate Judge's Findings and Recommendation, the Court overrules plaintiff's objections.

For the reasons set forth above, the Court hereby **ACCEPTS** the Magistrate Judge's Findings and Recommendation. It is **ORDERED** that the plaintiff's application to proceed *in forma pauperis* be, and is, **GRANTED** and that this action be, and is, **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the plaintiff.

ENTER: May 23, 2005

ROBERT J. STAKER
SENIOR UNITED STATES DISTRICT JUDGE